UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JOSEPH MARZULLO,

                Plaintiff,

-v-

FB HOSPITALITY, LLC,

                Defendant.

No. 17-cv-221 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On June 6, 2017, the Court granted a default judgment in Plaintiff's favor as to liability. (Doc. No. 26.) That same day, the Court also issued an order directing Plaintiff to "file a supplemental submission" to justify his request for damages and attorney's fees no later than June 13, 2017. (*Id.*; *see also* Doc. No. 22 ¶ 6 (requesting $31,000 in actual damages and $2,860 in attorney's fees and costs without providing any supporting documentation and contemporaneous time records).) Plaintiff has failed to timely submit a supplemental submission regarding damages and attorney's fees, and his deadline to do so has passed.

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015). In determining damages, a district court must ensure that there is a "sufficient basis" – i.e., "sufficient evidence" – "from which to evaluate the fairness of the sum." *Roberts v. Bennaceur*, 658 F. App'x 611, 615 (2d Cir. 2016) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991), and *Cement & Concrete Workers*, 699 F.3d at 234).

"Where . . . a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages, even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012); *Dor Yeshurim, Inc. v. A Torah Infertility Medium of Exch.*, No. 10-cv-2837 (WDW), 2011 WL 7285038, at *5 (E.D.N.Y. Aug. 10, 2011), *report and recommendation adopted*, No. 10-cv-2837 (JFB), 2012 WL 464000 (E.D.N.Y. Feb. 10, 2012) (declining to award damages where "the [c]omplaint and plaintiff's papers in support [were] woefully inadequate to support any monetary relief").

Here, in light of Plaintiff's failure to file a submission concerning damages, the Court lacks a "sufficient basis" from which it may "evaluate the fairness" of Plaintiff's request. *Roberts*, 658 F. App'x at 615. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for an award of damages, attorney's fees, and costs is DENIED. The Clerk is respectfully directed to close this case.

SO ORDERED.

Dated:   June 14, 2017
         New York, New York

                                            _____
                                            RICHARD J. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE